# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JUAN ESBER MANZUR,<br>     *Plaintiff*,<br>vs.<br>STEPHEN K. MONTOYA, M.D.,*et al.*<br>     *Defendants*. | 2:07-CV-00603-JCM-GWF<br><br>ORDER |

Presently before the court is Magistrate Judge George Foley Jr.'s report of findings and recommendations (# 64), filed on March 20, 2008, which dismisses both plaintiff's original and amended complaints (## 5, 51). Plaintiff timely filed an objection (# 66) on March 28, 2008. Defendant responded (#67) to plaintiff's objection on April 14, 2008.

Plaintiff's complaints allege, among other things, defendants, under the color of law, violated his constitutional due process rights by illegally revoking his medical license. Plaintiff further asserts defendants continue to violate his constitutional due process rights, as well as his right to equal protection under the law, in refusing to return his license to him.

Under Local Rule IB 1-4 and 28 U.S.C. Section 636(b)(1)(B), a magistrate judge shall file findings and recommendations for disposition by the district judge. The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made [and] may accept, reject, or modify, in whole or in part, the findings or recommendations." 28 U.S.C. § 636(b)(1).

1       Magistrate Judge Foley determined in his report of findings and recommendation that plaintiff's original and amended complaints should be dismissed because plaintiff failed to state a claim upon which relief may be granted. Magistrate Judge Foley based this determination on the legal principle of absolute immunity. Qualifying state officials, acting in their quasi-judicial or quasi-prosecutorial capacities, receive absolute immunity from civil action brought under 42 U.S.C. § 1983. *Mishler v. Clift*, 191 F.3d 998 (9th Cir. 1999); *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004). Magistrate Judge Foley found absolute immunity applied to defendants, in this case, because plaintiff's allegations involve only actions closely related to defendants' quasi-judicial or quasi-prosecutorial functions.

      Plaintiff objects to Magistrate Judge Foley's application of absolute immunity to defendants' decision to revoke plaintiff's license. Plaintiff asserts that defendants acted outside the parameters of N.R.S. § 630.348 by misrepresenting and falsifying evidence during the license revocation hearing.

      According to N.R.S. § 630.348, the Nevada State Board of Medical Examiners (the "Board") shall not revoke a license unless it finds by a preponderance of the evidence a material violation of the provisions, state therein. However, under N.R.S. § 630.356, a party aggrieved by a final order of the Board is entitled to judicial review of the Board's order. Here, as the evidence demonstrates, plaintiff forfeited his right to judicial review of the Board's final order by failing to appeal in a timely manner.

      Having failed to exercise his statutorily provided remedy, plaintiffs seeks to establish defendants violated his constitutional rights. However, Magistrate Judge Foley found that even after receiving leave to amend his original complaint, plaintiff provided no additional facts to support his claims. Therefore, Magistrate Judge Foley determined that any attempt by plaintiff to further amend would prove futile because the actions upon which plaintiff bases his complaints are entitled to absolute immunity.

      Having reviewed the magistrate judge's report of findings and recommendation, plaintiff's objection and defendants' response,

. . .

. . .

. . .

1       IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Magistrate Judge Foley's
2 report and recommendations (# 64) be, and the same hereby are, AFFIRMED in their entirety.
3       DATED this 18th day of April, 2008.

_____
UNITED STATES DISTRICT JUDGE